UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DARRELL BOSSETT,

                Petitioner,

    -against-

JOSEPH T. SMITH,

               Respondent.
----------------------------------------------------------X

**TRANSFER ORDER**
12-CV-04902 (RRM)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

On September 27, 2012, petitioner, proceeding *pro se*, filed this petition under 28 U.S.C. § 2254 challenging his 1982 convictions in New York Supreme Court, Queens County on the ground of ineffective assistance of appellate counsel.[1] (Petition (Doc. No. 1).) The Court issued an Order to Show Cause as to why the petition should not be granted, and setting a briefing schedule on the merits of the petition. (Doc. No. 4.) For the reasons set forth below, the Court may not consider the instant petitioner and, instead, must, vacate its Order to Show Cause and transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.[2]

Petitioner previously challenged the convictions that are the subject of his current petition by filing an earlier petition pursuant to 28 U.S.C. § 2254 with this Court on September 9, 1993. (*See Bossett v. Coughlin*, No. 93-CV-4101 (JBW).) That petition was denied by Order dated March 10, 1994, and Judgment was entered on March 14, 1994. (*Id.* (Doc. No. 13), *aff'd*

---

[1] Although petitioner states that he seeks to challenge a judgment of conviction entered August 2, 2011, (Petition at ¶ 2(a)), August 2, 2011 is the date of a decision by the Supreme Court, Appellate Division, Second Department, New York denying petitioner's application for a writ of error *coram nobis* to vacate the decision and order of that Court dated November 17, 1986 affirming petitioner's two judgments of the Supreme Court, Queens County, rendered June 1, 1982, and December 21, 1982, respectively. *See People v. Bossett*, 87 A.D.3d 548, 927 N.Y.S.2d 796 (2011).

[2] Petitioner's application to proceed *in forma pauperis* (Doc. No. 2) is also granted solely for the purposes of this Order.

Mandate of USCA (Doc. No. 20) (2d Cir. Nov. 17, 1994) (App. Dkt. No. 94-2177).)

Because the instant petition is a second habeas petition, this Court lacks jurisdiction to adjudicate it. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003). Therefore, the instant motion must be transferred to the United States Court of Appeals for the Second Circuit. 28 U.S.C. § 1631; *see Torres v. Senkowski*, 316 F.3d at 151 (district court "must" transfer successive § 2254 petition to Second Circuit pursuant to § 1631); *Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996) (per curiam) ("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by [the Second Circuit], the district court should transfer the petition or motion to [the Second Circuit] in the interest of justice. . . .").

## CONCLUSION

For the reasons stated herein, the Court vacates its previous Order to Show Cause why the petition should not be issued, and transfer this petition to the United States Court of Appeals for the Second Circuit. The Clerk of Court is directed to effect said transfer, mail a copy of this Order to petitioner, and close the file in this court.

SO ORDERED.

Dated: Brooklyn, New York
      October 18, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge