UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DARRELL BOSSETT,

               Petitioner,

                                  **ORDER DENYING RECONSIDERATION**
   -against-                                12-CV-04902 (RRM)

JOSEPH T. SMITH,

               Respondent.
----------------------------------------------------------X

**ROSLYNN R. MAUSKOPF, United States District Judge.**

On September 27, 2012, petitioner, proceeding *pro se*, filed this petition under 28 U.S.C. § 2254 challenging his 1982 convictions in New York Supreme Court, Queens County, on the ground of ineffective assistance of appellate counsel. (Petition (Doc. No. 1).) By Order dated October 18, 2012, the action was transferred to the United States Court of Appeals for the Second Circuit as a second or successive habeas petition, pursuant to 28 U.S.C. § 1631. (Doc. No. 5.) By letters dated November 5, 2012 and November 7, 2012, petitioner filed what the Court construes collectively as a motion for reconsideration. (Doc. Nos. 6–8.) Petitioner argues that he does not challenge his 1982 convictions, but instead challenges the denial of his cor*am nobis* petition in New York State court in 2011. For the reasons set forth below, the motion is denied.

## DISCUSSION

**I. This Court has No Jurisdiction to Consider the Motion**

By Order dated October 18, 2012, this action was transferred to the Second Circuit because this Court has no jurisdiction to consider the petition. On October 19, 2012, the file was transmitted to the Second Circuit. Because this Court quickly effected a transfer of the case file to the Circuit, petitioner was entitled to some time to request reconsideration of the Court's

Order. However, petitioner did not do so until almost three weeks later. Since this Court had no jurisdiction to consider the petition and the case is now before the Second Circuit, this Court has no jurisdiction over the case in its entirety and cannot consider the instant motion for reconsideration. *See, e.g.*, *Emblaze Ltd. v. Apple Inc.*, No. 10 Civ. 5713, 2011 WL 2419802, at * 1–2 (S.D.N.Y. June 3, 2011) (where the court did not act hastily in transferring the action and where the plaintiff did not move for reconsideration before receipt of the papers by the transferee court, the Court was without jurisdiction to reconsider the transfer order) (citing *In re Northwest Airlines Corp.*, No. 07 Civ. 2677, 2008 WL 4755377 at * 3–4 (S.D.N.Y. Oct. 28, 2008) ("Following the proper transfer of a case from one district to another pursuant to § 1404(a), the transferor court loses all jurisdiction over the case."); *see also Warrick v. General Electric Co.*, 70 F.3d 736, 739 (2d Cir. 1995)).

## II. Petitioner's Motion for Reconsideration Would be Denied on the Merits

If the Court were to exercise jurisdiction and consider petitioner's argument, his motion for reconsideration would be denied. Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Subsection 60(b)(6) "permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment.'" *Id*. at 528–29. The standard for making a successful motion for reconsideration is stringent, "and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). A motion for reconsideration is not an opportunity to relitigate claims that have already been adjudicated. *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d. Cir.

1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a "claim not previously presented [in a prior application] shall be dismissed, unless the petitioner can show that it "relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Crosby*, 545 U.S. at 530; see 28 U.S.C. § 2244(b)(2). However, before a district court may accept a successive filing, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider" it as presenting permissible claims. 28 U.S.C. § 2244(b)(3)(A). AEDPA's requirement that authorization be sought for second or successive habeas petitions is jurisdictional. *See Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003). District courts "must transfer uncertified successive motions to [the Court of Appeals] pursuant to 28 U.S.C. § 1631," which requires that a court lacking jurisdiction transfer such action to a court in which the action could have been brought. *Id*. at 151. District courts have no jurisdiction to consider such petitions on the merits. *Id*. at 152.

Here, petitioner posits that he is not challenging his 1982 Queens County conviction, but is instead challenging the denial of his 2011 *coram nobis* petition. Petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 are to challenge state court convictions or sentences. *See* 28 U.S.C. § 2254. Petitioner may not bring a § 2254 petition to challenge a state court ruling on a post-conviction motion without challenging his state court conviction. Despite petitioner's characterization, he was in fact challenging his 1982 state court conviction by filing an application for a writ of error *coram nobis*. The Appellate Division itself characterized the petition as such, calling it:

> [An] [a]pplication by the appellant for a writ of error *coram nobis* to vacate, on the ground of ineffective assistance of counsel, a decision and order of this Court

dated November 17, 1986 (*People v. Bossett*, 124 A.D.2d 740, 508 N.Y.S.2d 476), affirming two judgments of the Supreme Court, Queens County, rendered June 1, 1982 and December 21, 1982, respectively.

*People v. Bossett*, 87 A.D. 3d 548 (App. Div. 2011).

Thus, petitioner's *coram nobis* petition is properly characterized as a collateral attack to his 1982 Queens County convictions, and a § 2254 petition challenging these convictions is a second or successive habeas petition.[1] Since the sole claim raised in the instant petition existed at the time his original habeas petition was filed, it is a "successive" claim. No other characterization of the petition is cognizable on habeas review. *See Word v. Lord*, 648 F.3d 129, 132 (2d Cir. 2011) (holding that alleged errors in a postconviction proceeding are not grounds for § 2254 review).

Moreover, to the extent petitioner may be attempting to circumvent AEDPA's statute of limitations, he is advised that the filing of a collateral proceeding in state court does not restart the statute of limitations. The tolling provision under § 2244(d)(2) applies only if petitioner's post-conviction motion was pending within the one-year limitations period, and excludes from the limitations period only the time the motion remained undecided. *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam). Here, the one-year limitations period expired long before petitioner filed his *coram nobis* petition in 2011, and thus, the filing of that post-conviction motion did not toll or restart the statute of limitations period.

---

[1] The procedural history of petitioner's case, set forth in *Bossett v. Walker*, 41 F.3d 825 (2d Cir. 1994), and amended by recent filings, is as follows. In 1982, petitioner was found guilty of Murder in the Second Degree, and sentenced to imprisonment for 25 years to life. The New York State Supreme Court, Appellate Division, Second Department affirmed the conviction. The Court of Appeals denied leave to appeal. *See People v. Darrell Bossett*, 157 A.D.2d 734, leave to appeal denied, 75 N.Y.2d 964 (1990). Petitioner then sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 from this Court on September 9, 1993. That petition was denied by Order dated March 10, 1994, and Judgment was entered March 14, 1994. *See Bossett v. Coughlin*, 93-CV-4101 (JBW), docket entry no. 13, *aff'd* Mandate 94-2177 (2d Cir. Nov. 17, 1994).

## CONCLUSION

For the reasons stated herein, petitioner's motion for reconsideration of the Court's October 18, 2012 Order transferring this action to the Second Circuit as a second or successive habeas petition is DENIED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this Order to petitioner.

SO ORDERED.

Dated: Brooklyn, New York
December 21, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge